CHARLES MINOT GRIFFITH, Plaintiff and Appellant, v. PENSION BOARD ET AL., Defendants and Appellees.

No. 7569.   Argued March 16, 1938.—Decided July 13, 1938.

458

*Wilson P. Colberg* for appellant. *B. Fernández García, Attorney General, Jesús A. González* and *Enrique Córdova Díaz, Assistant Attorneys General,* for the People of Puerto Rico, appellee; and *Miguel A. Muñoz* for the appellee Pension Board.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Charles Minot Griffith, former Treasurer of the University of Puerto Rico, applied to the District Court of San Juan for a writ of mandamus directed to the members of the Pension Board of the Permanent Officials and Employees of the Insular Government and to the Auditor and the Treasurer of the Island, to compel them to pay his pension as a retired official, which they had refused to pay since June 30, 1936.

In his complaint he alleged, in substance, that on January 27, 1928, he received from the Pension Board a certificate which was fully transcribed, and which in its pertinent part reads as follows:

". . . . It is hereby certified: That pursuant to Act No. 104 of the Legislative Assembly of Puerto Rico, approved on September 2, 1925, Charles M. Griffith, who has filled the office of Treasurer of the University of Puerto Rico, is entitled to a pension and the same has been granted to him, with a life annuity of $1,439.90, payable in monthly instalments, beginning February 1, 1928. . . ."

That the said certificate was issued to him after he had served thirteen years in the Department of Education, in an office created by the Insular Legislature, and nine and one-half years as Treasurer of the University; and that his monthly pension was paid until June 30, 1936, and on inquiring thereafter about the discontinuance of such payment, he was informed by the Secretary of the Board as follows:

". . . I am sorry to inform you that the Supreme Court of Puerto Rico has held that employees of the University of Puerto Rico are not covered by our Pension Law and all contributions made by officials and employees of the University have been reimbursed.

Under that same ruling we hold that all pensions enjoyed by University officials and employees are illegal, so we have stopped the payment of such pensions accordingly. However, we shall inform you in this respect when the matter is definitely settled. . . ."

That in the following November he addressed a communication to the board which reads in part thus:

". . . . This request is based upon the following reasons:

"1.—According to the Secretary of that Board the suspension of payments in my case is based upon a ruling by the Board that, in view of a recent decision of the Supreme Court. . . .

"2.—My pension was granted by that Board as constituted in the year 1928, in accordance with the pension act as interpreted by the officials of said Board at that time. Moreover, this interpretation was supported by the Attorney General of Puerto Rico through an opinion requested of him. I can not justly be held responsible for, and made the victim of, the mistakes of the authorities that decided my retirement case.

"3.—Due weight should be given to the fact that, of the twenty-one years and eight months spent in the Civil Service of Puerto Rico, my term of service under the University was a little over nine years; under the Department of Education more than twelve years. . . ."

That the board filed away the said communication without taking any action thereon, and that the said board is without power to cancel his pension for the following reasons:

Because the plaintiff received his pension under Act No. 104 of 1925; because section 11 of Act No. 23 of 1935 provides that: ". . . . Each official and employee of the Insular Government of Puerto Rico, who, before this law takes effect, has been retired, or whose application for retirement has been favorably acted upon, in accordance with the provisions of Act No. 22 of September 22, 1923, and of Act No. 104, of September 2, 1925, as amended . . . . ., shall be entitled to receive the life annuity originally granted to him, less a deduction which shall be computed as follows: . . . ."; that the Pension Board created by section 16 of said Act No. 23 of 1935 is without power under that act to suspend pensions granted by boards created by former acts or to

revoke existing pensions; that according to the decision of the Supreme Court of Puerto Rico in *Fernández* v. *Auditor*, 52 P.R.R. 867, after a pension has been granted and the grantee has begun to enjoy the same, the right thereto becomes a vested right from which the recipient thereof can not be deprived either totally or partially; and that the decision of the same Supreme Court in *Maura* v. *Pension Board*, 49 P.R.R. 840, is not applicable because the pension of the plaintiff was granted by the board which had power to do so, and no error of law that might have been committed can prejudice him.

An alternative writ was issued and the defendants answered and alleged in the first place that the complaint did not state facts sufficient to constitute a cause of action, and then admitted most of the allegations thereof but denied that the nine and one-half years of service of the plaintiff as Treasurer of the University could legally be included in the computation of the period required by law for the granting of a pension for years of service. They further alleged that the computation made with the addition of the said years for granting the pension to the plaintiff fails to establish the basis required for the purpose. They also denied the allegation that they lacked power to act as they did and set up that the petitioner had been receiving the pension contrary to law, and the board was without power to make further payments.

As matter of defense they alleged as follows:

A.—That the plaintiff was appointed Treasurer of the University on August 21, 1918, his appointment having been renewed each year consecutively until he resigned in order to retire, which actually constituted a contract for services to be rendered annually, and that the plaintiff had not rendered services to the Insular Government, in any other capacity, during the period required to be entitled to a pension by reason of years of services; and

B.—That the plaintiff had contributed the sum of three hundred and twenty dollars to the Pension Board but he has been paid by the board about twelve thousand dollars in violation of the provisions of the law.

From the record of plaintiff's services submitted in evidence at the hearing, it appears that he started work as a teacher in San Juan on September 29, 1902, at a monthly salary of $111.11, and that he worked in the same position until 1908 when he was transferred to the Department of Education. There he worked until 1917 at a salary of from $1,200 to $1,500 a year. In 1917 he was appointed Treasurer of the University, which office he filled until 1927. He started with $2,000 per annum, and when he retired his salary was $3,800.

It may properly be said that either from admission or from the evidence submitted, the actual allegations of fact made by the parties have been proved. There is no controversy, then, as to the facts. The issue is as to the applicable law. The trial court held that the law was in favor of the defendants and rendered judgment dismissing the complaint on the merits, with costs but excluding attorney's fees.

The plaintiff appealed and has assigned in his brief seven errors which he claims were committed by the district court in holding: that the petitioner had not a vested right; that the board had power to reconsider its grant of the pension; that said board had acted without jurisdiction in granting the pension; that the holding in *Olivieri* v. *Pension Board*, 50 P.R.R. 840, lacks the force of a legal precedent; that as the error committed was one of law it did not bind the party committing the same; that the board had power to act as it did without hearing the plaintiff; and in rendering the judgment complained of.

The appellant in his brief goes on to argue extensively his assignments of error, which are challenged by the defendants in their brief also extensively. We have carefully con-

sidered the assignments and, in our judgment, all of them are without merit. Consequently, the judgment appealed from should be affirmed.

■ The law in force at the time of the retirement of the plaintiff was Act No. 104 of 1925 (Session Laws, p. 950). Section 8 thereof required for the kind of retirement chosen by the plaintiff twenty years of service computed in accordance with section 2 of the act. If the services rendered by the plaintiff in the University of Puerto Rico could be taken into account, then the board had a basis for granting the pension. Otherwise, it acted without a basis.

It is in this connection that consideration should be given to the decision of this court in *Maura* v. *Pension Board,* 49 P.R.R. 840.

That case was initiated by a party who, like the plaintiff herein, was filling an administrative office in the University of Puerto Rico and his appointment was renewed from year to year by the Board of Trustees; and he alleged that he was not bound to contribute any sum out of his salary to the retirement fund of the permanent employees of the Insular Government for the following reasons:

"1.—Because the plaintiff, as Registrar of the University of Puerto Rico, is not included in the Classified or Unclassified Civil Service of the Insular Government in accordance with the provisions of the Civil Service Act of Puerto Rico (Act No. 88 of May 11, 1931).

"2.—Because the plaintiff, as registrar, is not a permanent officer or employee, as required by section 1 of the Act to establish the retirement fund, that is, the aforesaid Act No. 104 of September 2, 1925.

"3.—Because the plaintiff is not an employee of the Insular Government, as required by the Pension Act, but a contractual employee of the University."

The Pension Board, against which the action was brought in the above case, alleged that the registrar was a permanent employee and was included in the Classified Civil Service. It acted in conformity with the theory under which it had

always proceeded until then and which led it to grant in 1928 the retirement of the plaintiff herein.

The case went to trial and the district court decided the same adversely to the board. The latter appealed and this Supreme Court overruled the appeal and made the holding which we transcribe from the syllabus, thus:

"As the Registrar of the University of Puerto Rico is not an officer or permanent employee of the Government of Puerto Rico included in the Classified or Unclassified Civil Service of said Government, but a contractual employee of the University, he is not bound to contribute to the retirement fund created by Act No. 104 of 1925 (Sess. Laws, p. 948)."

The effect of the decision in *Maura* v. *Board, supra,* because of our system of government, was to render it applicable to all other officers similarly situated, and the board has ever since conformed to the rule laid down therein. Hence its decision concerning the plaintiff's case.

We think that, after our decision in the *Maura* case, *supra,* the fact that the services rendered by the plaintiff to the University can not be included in the computation of the 20-year period required by law for a retirement with pension is so clear in our jurisdiction, that it should not even be questioned.

It is insisted, however, that even though this might be so, and even though the acquisition by plaintiff of his right should have been due to a mistake of law, the fact is that the plaintiff has now a vested right of which he can not be deprived, and therefore that the board was not justified in acting as it did. Citation is made of *Fernández* v. *Auditor,* 52 P.R.R. 867, and of *Travieso* v. *Pension Board,* 52 P.R.R. 889.

It is true that it was decided in said cases that the right of a person to receive a pension after his retirement is a vested right, but those cases were different from the case at bar, in which the pension was granted by the board acting without power. In the instant case, the pension was void

*ab initio* and the same can not, therefore, be made valid by the lapse of time.

Regarding the mistake of law we think, as has been said by the trial court in its statement of the case and opinion, that "it would be quite pertinent in this case if, instead of the mandamus proceedings instituted by the petitioner to have his pension restored the action involved were one by the board to recover the pension payments erroneously made to the retired officer. It is clear that in the latter case the board would not be entitled to recover the amounts paid by mistake of law; but there is nothing which would preclude the board, after discovering the mistake, from refusing to make further payments."

We do not consider the case of *Olivieri* v. *Board, supra,* at all applicable herein, as different situations are involved. In the present case the board did not really consider its decision because of a further study of the case. It took action by reason of a judicial decision that left its former decision without basis. The pension was something that was renewed from month to month. And it could not continue to be renewed after its illegality had been established and determined by the courts. The past was left undisturbed, but as for further similar action at present and in the future the board was without power. It could take no other action than to refuse, as it did, to make further payments on the pension.

█ In virtue of all the foregoing, and as a writ of mandamus is involved, we think that the conclusion reached by the District Court of San Juan in refusing to issue the final writ should be upheld. As stated in *Godwin* v. *Telephone & Telegraph Co.,* 1 Ann. Cas. 203, 204:

"It is well settled that mandamus will not lie to compel the performance of acts which are illegal, contrary to public policy, or which tend to aid an unlawful purpose."

The judgment appealed from must be affirmed.